**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Lewis Vincent D'AVANZO and Vincent Anthony Falcone, Defendants-Appellants.**

**Nos. 961, 962, Dockets 71–1012, 71–1029.**

United States Court of Appeals, Second Circuit.

Submitted May 26, 1971.

Decided June 9, 1971.

Maurice Edelbaum, New York City, (Lawrence K. Feitell, New York City, of counsel), for defendant-appellant Vincent Anthony Falcone.

Evseroff, Newman & Sonenshine, Brooklyn, N. Y. (William Sonenshine, Brooklyn N. Y., of counsel), for defendant-appellant, Lewis Vincent D'Avanzo.

Mervyn Hamburg, Atty., United States Dept. of Justice, Washington, D. C. (Edward Neaher, U. S. Atty., E.D.N. Y., on the brief), for plaintiff-appellee.

Before KAUFMAN, ANDERSON and MANSFIELD,* Circuit Judges.

PER CURIAM:

Appellants were convicted by a jury and subsequently sentenced under three counts of a four-count indictment, for possessing and transporting in interstate commerce, and in a truck whose cab had been stolen, a quantity of some 326 mercury cylinders which had previously been hijacked. The cylinders were being transported from a pier in Staten Island, New York, where they had arrived by ship in May 1969, to another pier in Brooklyn. The truck from which the cylinders were stolen was recovered the day after the hijacking.

Viewing the evidence most favorably to the Government, as we must at this juncture, United States v. Kahaner, 317 F.2d 459, 467 (2d Cir. 1963), cert. denied sub. nom. Corallo v. United States, 375 U.S. 835, 84 S.Ct. 62, 11 L.Ed.2d 65 (1963), the proof at trial adequately supported defendants' convictions. Neither defendant was identified as a participant in the thefts either of the mercury cylinders or of the truck. Shortly after the cylinders (each of which weighed above 100 pounds) had been reported stolen, FBI agent George Moresco observed an International truck cab with a dump-truck type body (open on top) riding low on its axles and thus obviously carrying a heavy load, parked in front of a scrap metal yard on Staten Island. The truck was placed under surveillance and several agents followed it closely as the truck proceeded north from Staten Island via the Connecticut Turnpike to Watertown, Connecticut. During the course of this journey, FBI agent James Hays was able many times to observe D'Avanzo driving the truck and Falcone sitting in the passenger seat.

After the truck entered Watertown at about 2:30 a. m. on June 6, D'Avanzo appeared to be getting ready to turn into a street leading to the Infeld Metal Company but then for some reason changed his mind and proceeded ahead for two more blocks before turning into a U-shaped residential street, Bessamy Avenue,[1] which led nowhere but back to the road upon which the truck had been traveling, Falls Avenue. D'Avanzo parked a short distance down Bessamy Avenue. While several FBI agents remained in another car on Falls Avenue (contiguous to Bessamy), Agent Hays stopped his car short of Bessamy Avenue and walked toward the other FBI vehicle, whose headlights were on. The agents saw appellants leave the truck and walk in their direction for a short distance. But then, as they approached Hays, both turned in the opposite direction and proceeded at a trot into a swampy wooded area behind Bessamy Avenue.

Their retreat prompted Agent Hays to inspect the inside of the truck with his flashlight. The panels were sufficiently high that it was necessary for him to stand on a ledge running around the body of the truck in order to view, through the open top, the exposed interior of the dump truck. Without disturbing a tarpaulin that covered only part of the truck's cargo, Hays was able to observe several exposed cylinders, later identified as part of the stolen shipment of mercury cylinders. Further investigation revealed that the serial number on the motor of the truck corresponded with that of a 1969 flat-bed International truck stolen from the Port Equipment Renting Co. in March 1969. Under a

---

* Of the United States District Court for the Southern District of New York, sitting by designation when argument was heard.

1. From among many different versions in the record of the name of this street, we have adopted that form used by the parties in this appeal.

layer of fresh paint on the left door of the cab the name "Port Equipment Renting Co." was still visible.

 Prior to the trial, Judge Zavatt conducted a hearing on D'Avanzo's motion to suppress the fruits of the search and seizure of the truck and its contents on the ground that Agent Hays acted without a warrant. After a hearing, Judge Zavatt ruled that the defendants had "abandoned" the truck and its contents prior to Hays's inspection and thus there had been no "search and seizure" within the meaning of the Fourth Amendment to which appellants could object. Whether there has been an abandonment presents a question of intent. Like other factual findings by a district court we may disturb Judge Zavatt's finding that defendants relinquished any interest they may otherwise have. had in protecting the privacy of the exposed portion of the dump truck only if the finding is clearly erroneous. United States v. Cowan, 396 F.2d 83, 87–88 (1969). Under the circumstances present here we believe Judge Zavatt's finding was not clearly erroneous. Hays's inspection invaded no aspect of the defendants' legitimate interests in privacy. In arriving at this conclusion, we have considered, in addition to defendants' flight into the woods and the attendant circumstances, the minimal intrusion into the truck that resulted from Hays's inspection. We are mindful also that traditionally, as the Supreme Court has recently had occasion to reaffirm, "there is a constitutional difference between houses and cars." Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 1982, 26 L.Ed.2d 419 (1970). After Hays had observed a number of the cylinders in plain view, moreover, probable cause existed for the more thorough search of the truck which was conducted on the following day.

We have examined appellants' other points and find them without merit.

The convictions are affirmed.