The appellant, Jimmie Randall Childs, was convicted of unlawful possession of marijuana in the first degree, a violation of § 13A-12-213, Code of Alabama 1975. He was sentenced to five years in the penitentiary.
The state's evidence tended to show that on February 10, 1994, the appellant possessed 1.72 grams of marijuana and that he had previously been convicted of unlawful possession of marijuana for personal use. Officer Kenny Horn of the Dothan Police Department testified that at 6:30 p.m. he was driving down West Powell Street in a marked patrol car. He stated that the area was known to have a high amount of drug activity and that he had personally made many drug arrests in that area. He said that as he was driving he saw a small brown Chevrolet Monza station wagon being driven by the appellant stopped in front of a house. A black man was leaning into the window on the passenger's side of the car talking to the appellant. Horn testified that he pulled his patrol car parallel to the car to see what the men were doing. Horn said that the appellant started to drive away so he turned on the blue lights on his patrol car. The appellant drove 10 or 15 feet and then stopped. Horn testified that he walked up to the driver's side window and asked the appellant for his driver's license. He then asked him what he was doing. The appellant told Horn that he had been talking to a friend. Horn testified that he told the appellant that they were in a high drug activity area and that he *Page 782 
thought the appellant might have been involved in a drug transaction. He then asked the appellant if he could search the car. The appellant refused. Scott Heath, a K-9 officer with the Dothan Police Department, arrived. Officer Heath's trained drug-detection dog sniffed the outside of the appellant's car. Heath testified that the dog pawed at the passenger's side door of the car, which indicates that drugs were present.
Horn testified that he again asked the appellant for permission to search the car and that the appellant then consented. On the front passenger's seat Horn found a black 35-millimeter film canister containing a green leafy substance. The substance later proved to be marijuana.
The appellant raises two issues on appeal.
 I
The appellant contends that the trial court erred by denying his motion to suppress the marijuana seized by Officer Horn. Specifically, he contends that the initial stop and resulting seizure of drugs by Officer Horn violated his rights pursuant to the Fourth Amendment to the United States Constitution andTerry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889
(1968).
The appellant contends that the initial stop by police was illegal because, he says, the police did not have a reasonable suspicion to believe he was involved in criminal activity, as required by Terry. In Worthy v. State, 473 So.2d 634, 636
(Ala.Cr.App. 1985), this court summarized the standards required by Terry and subsequent cases.
"In Terry, it was held that
 " 'where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or other's safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.' 392 U.S. at 30, 88 S.Ct. at 1884-85.
 "In order to justify the brief investigatory detention of an individual, a police officer does not have to have probable cause to arrest the person for a crime. Terry, 392 U.S. at 27, 88 S.Ct. at 1883; Spradley v. State, 414 So.2d 170, 173
(Ala.Cr.App. 1982). Although there is 'no simple shorthand verbal formula which can adequately express the grounds for a Terry stop', 3 LaFave, [Search and Seizure] at § 9.3, p. 40, 1985 Pocket Part, 'the essence of all that has been written is that the totality of the circumstances — the whole picture — must be taken into account. Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.' United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)."
473 So.2d at 636-37. (Emphasis added.)
Officer Horn's testimony revealed that his only basis for stopping the appellant was that the appellant was in an area known for drug activity and that someone was leaning into the window of the appellant's car. He testified that, based on his previous experience, this behavior often indicated that a drug transaction was taking place. The appellant contends that these facts were not sufficient to give police a reasonable suspicion that he was involved in criminal activity. We agree.
This court has held that similar facts were not sufficient to give police a reasonable suspicion that criminal activity was afoot. Gaskin v. State, 565 So.2d 675 (Ala.Cr.App. 1990); Statev. Bodereck, 549 So.2d 542 (Ala.Cr.App. 1989). In Bodereck, police were patrolling an area known for a high amount of drug activity and observed a black man leaning into the passenger's side window of a parked Cadillac automobile bearing an out-of-state license plate. As the police drove by, the black man ducked behind the Cadillac. Based on these facts, the police decided to investigate. This *Page 783 
court held that these facts were not sufficient "to satisfy the 'reasonable suspicion' requirement for a valid investigatory stop under Terry." Bodereck, 549 So.2d at 546.
In Gaskin, police observed a pickup truck parked in an alley. One occupant was in the truck. A person was standing near the driver's side of the truck, but the officer could not tell if that person and the person in the truck were talking. He did not see them exchange anything. The area was "notorious for drug transactions." Again, this court held that a vehicle parked in a high crime area with persons both inside and outside the vehicle engaged in conversation does not justify aTerry stop under the totality of the circumstances. Gaskin, 565 So.2d at 676-78.
This case is controlled by Bodereck and Gaskin. The facts of those cases are virtually indistinguishable from the facts in this case. This court has no choice but to reverse the judgment of the lower court. The appellant's motion to suppress should have been granted.
 II
In the interest of judicial economy, we address the appellant's second issue because it could be an issue in a future proceeding.
The appellant contends that the trial court erred by allowing a scale seized from his car to be received into evidence. Specifically, he contends that the scale was irrelevant and prejudicial because he was indicted for possession of marijuana only.
We do not need to address the merits of this issue because the seizure of the scale was a result of the illegal stop and resulting search of the appellant's car. As such, it is a "fruit of the poisonous tree" and is also due to be suppressed.Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407,9 L.Ed.2d 441 (1963).
For the foregoing reasons, the judgment in this case is reversed and the cause remanded to the Houston Circuit Court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur, except LONG, J., who dissents with opinion.