The State of Alabama filed this petition for a writ of mandamus directed to t, he Honorable John D. Jolly, circuit judge for the Thirty-fourth Judicial Circuit. The State asks us to order Judge Jolly to reinstate the indictment against Janice McKinney. In November 1997, McKinney was indicted for bribing a witness, a violation of § 13A-10-121, Code of Alabama 1975, The indictment charging her with the offense incorrectly cited the Code section she was charged with violating as § 13A-11-121.[1] After the jury was sworn and the attorney had made opening statements, McKinney moved to dismiss the indictment, arguing that the indictment was not legally sufficient because it failed to correctly cite the Code section for which she was being prosecuted. The State argued that the indictment was not void because, even though it cited the incorrect section, it tracked the language of the correct Code section — § 13A-10-121. It also moved to amend the indictment to reflect the correct Code section. Judge Jolly denied the State's motion and granted McKinney, motion to dismiss the indictment. The State then appealed to this Court. This court. by unpublished memorandum. dated August 14, 1998, dismissed the appeal, holding that the State had no statutory authority to appeal from an order issued during trial.[2] State v.McKinney, (CR-97-0920, August 14, 1998) ___ So.2d ___ (Ala.Cr.App. 1998) (table). We further stated that the state's only remedy would be to petition for a writ of mandamus. Approximately two months after the certificate of judgment was entered in this Court, the State filed its petition for a writ of mandamus.
This Court has already answered the question whether the ruling of the trial court is reviewable by means of extraordinary petition in the affirmative when we stated in the unpublished memorandum that the State's only means of obtaining review of Judge Jolly's action was by ways of a mandamus petition. See alsoEx parte Washington, 716 So.2d 253 (Ala.Cr.App. 1998);Ex parte Gonzalez, 686 So.2d 204 (Ala. 1996).
The State argues that a reference in an indictment to an incorrect Code section will not void the indictment if the indictment otherwise defines an offense. The State cites this Court's unpublished memorandum in the case, where, in a footnote, we stated:
 "The state's argument was correct. An indictment is sufficient if it charges the elements of the statutory offense in the words of the statute, provided that the statute prescribes with definiteness the elements of the offense. Moreover, the `[m]iscitation of a does not void an indictment that otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous Code section will be treated as mere surplusage.' McElroy v. State, 611 So.2d 431, 433-34 (Ala.Cr.App. 1992), quoting Ex parte Bush, 431 So.2d 563, 564 (Ala. 1983), cert. denied, 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983). See also Thompson v. State, 680 So.2d 1014, 1018
(Ala.Cr.App. 1996)."
McKinney's main argument is that the State's mandamus petition was not timely filed; therefore, she argues, this Court *Page 895 
should decline to review the petition. This Court dismissed the State's appeal on August 14, 1998; however, the decision was not final until a certificate of judgment was issued on September 1, 1998. The petition in this case was filed on October 28, 1998, less than two months after we issued the certificate of judgment.
There is no proscribed time frame within which a petitioner must seek mandamus relief. (See Rule 21, Ala.R.App.P., which governs extraordinary petitions.) A petitioner is not bound by the 42-day time frame for filing a notice of appeal. The Alabama Court of Civil Appeals in Exparte Dennis, 681 So.2d 167, 160 (Ala.Civ.App. 1995), stated: "There is no specific time limitation for filing a petition for a writ of mandamus; however, such a petition must be made within a reasonable time." (Emphasis added.) The court in Dennis held that a delay in filing a mandamus petition of five months after the circuit court had issued its order was not an unreasonable time. Here, the petition was filed within two months of final ruling. We believe that is a "reasonable time"; thus, we decline to apply this procedural bar.
The state also asserts in its petition that McKinney's motion to dismiss the indictment was not timely filed because it was not filed before trial See Rule 15.2(a), Ala.R.Crim.P. It further asserts that McKinney has made no showing that she had "good cause" for the late filing of the motion.[3]
Although the motion to dismiss the indictment was not timely filed and although the record fails to establish any good cause for the late filing, because Judge Jolly ruled on the merits of the motion we will to review the merits of his ruling.
As stated above, the state argues that the mere miscitation of a Code section in an indictment will not void the indictment. McKinney contends that Judge Jolly did not; err in dismissing the indictment because, she says, the cases holding that the mere miscitation of a Code section do not void an indictment are distinguishable from this present case. Specifically, she argues, "The miscitation herein was pertinent not only due to the confusion created but due to the fact that the language portion of the indictment `charged' a bribery offense and the citation portion of the indictment `charged' a separate and distinct bribery offense." We do not agree. McKinney's argument asks us to depart from long-established precedent.
A review of the indictment reflects that it correctly tracks the language of § 13A-10-121. The indictment reads:
 "The Grand Jury of said County charge, before the finding of this indictment, Janice McKinney, whose name is otherwise unknown to the Grand Jury as stated, did offer, confer or agree to confer a thing of value, to-wit: $100.00 upon a witness or person she believes will be called as a witness or person she believes will be called as a witness in any official proceeding to-wit: solicit Wesley Coan to be a witness in a case against Toby Tompkins, with the intent to corruptly influence the testimony of that person, in violation of Section 13A-11-121, of the Code of Alabama, against the peace and dignity of the state of Alabama."
(Emphasis added.)
The correct Code section, § 13A-10-121, defines bribing a witness as follows:
 "(a) A person commits the crime of bribing a witness if he offers, confers or agrees to confer any thing of value upon a witness or a person he believes will be called as a witness in any official proceeding with intent to:
"(1) Corruptly influence the testimony of that person;
 "(2) Induce that person to avoid legal process summoning him to testify; or
 "(3) Induce that person to absent himself from an official proceeding to which he has been legally summoned."[4] *Page 896 
McKinney was put on notice that she was charged with bribing a witness, even though the indictment cited the commercial bribery Code section. This Court has consistently stated, "Miscitation of a code section does not void an indictment which otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous code section will he treated as mere surplusage." Ex parte Bush,431 So.2d 563, 564 (Ala.), cert. denied, 464 U.S. 865, 104 S.Ct. 200,78 L.Ed.2d 175 (1983). See also Woodall v. State, [Ms. CR-95-788, May 23, 1997] ___ So.2d ___ (Ala.Cr.App. 1997);Thompson v. state, 680 So.2d 1014 (Ala.Cr.App. 1996);Hunt v. State, 659 So.2d 933 (Ala.Cr.App. 1994), aff'd,659 So.2d 960 (Ala.), cert. denied, 516 U.S. 880, 116 S.Ct. 215,133 L.Ed.2d 146 (1995); McElroy v. State, 611 So.2d 431
(Ala.Cr.App. 1992); Harris v. State, 580 So.2d 33
(Ala.Cr.App. 1990), cert. denied, 502 U.S. 840, 112 S.Ct. 127,116 L.Ed.2d 95 (1991); Royer v. State, 642 So.2d 1301
(Ala.Cr.App. 1988); Lyle v. State, 497 So.2d 834
(Ala.Cr.App. 1986).
The State further argues, and we agree, that McKinney has made no showing that she was prejudiced by the miscitation of the Code section. It argues that the record reflects that McKinney was aware that she was charged with bribing a witness and not with commercial bribery. The State contends in its answer to the petition, "When the defense attorney objected to the indictment, he told the court that he was prepared to defend against the bribery charge under Section 13A-10-121. This is precisely the Code provision under which the prosecution sought to prosecute the defendant."
The Alabama Supreme Court; in Ex parte Jackson,614 So.2d 405, 408 (Ala. 1993), characterized the issuance of a mandamus as follows:
 "Mandamus may issue to compel the exercise of discretion by an inferior court; however, it may not be used to control or revise the exercise of that discretion except in a case of abuse. Ex parte Edgar, 543 So.2d at 684 (citing Ex parte Smith, 533 So.2d 533 (Ala. 1988)). `Mandamus is an extraordinary remedy, but is appropriate in exceptional circumstances which amount to judicial usurpation of power.' Ex parte Nice, 407 So.2d 874, 877 (Ala. 1981). Mandamus is not to be used as a substitute for an appeal, but mandamus can be used to prevent a gross disruption of the administration of criminal justice. Id."
Here, Judge Jolly abused his discretion in granting McKinney's motion to dismiss the indictment. Long-established caselaw supports the state's position and mandates that we issue the writ of mandamus. For the foregoing reasons, this petition for a writ of mandamus is due to be granted.
PETITION GRANTED.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.
[1] This Code section defines the offense of "commercial bribery."
[2] The certificate of judgment was issued on September 1, 1998.
[3] Rule 15.2(c) states: "Failure to present any objection or defense as provided in sections (a) [defects in the commencement of the proceedings or in the charge] and (b) [defenses] constitutes a waiver thereof, but the court for good cause shown may grant relief from the waiver."
[4] Section 13(A)-11-121, which defines the offense of "receiving a commercial bribe" reads in pertinent part, as follows:
 "(a) A person commits the crime of receiving a commercial bribe if:
 "(1) As an employee or agent, and without the consent of his employer or principal, he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that the benefit will improperly influence his conduct in relation to his employer's or principal's affairs; or
 "(2) As a hiring agent or an official or employee in charge of employment, he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that someone shall be hired, retained in employment or discharged or suspended from employment; or
 "(3) As a fiduciary, and without the consent of his beneficiary, he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that the benefit will improperly influence his conduct in his fiduciary capacity." *Page 897