KELLUM, Judge.
Pursuant to a negotiated plea agreement, the appellant, Dwaun Manriquez Tolbert, pleaded guilty to robbery in the first degree, see § 13A-8-41, Ala. Code 1975, and to breaking and entering a motor vehicle, see § 13A-8-11, Ala. Code 1975. The circuit court sentenced Tolbert to 240 months' imprisonment for the robbery conviction and 60 months' imprisonment for the breaking-and-entering conviction; the sentence was split and he was ordered to serve 3 years' imprisonment, followed by 24 months' supervised probation. The circuit court ordered Tolbert to pay $3,250 in restitution, $50 to the crime victims compensation fund and court costs.
Before pleading guilty, Tolbert reserved for appellate review the circuit court's denial of his motion to suppress the evidence found as a result of the warrantless search of the content of his cellular telephone found at the crime scene.
The circuit court conducted a suppression hearing on January 30, 2018. At the hearing, Detective Terry Miles with the Troy Police Department testified that on December 18, 2016, he was assigned to investigate a robbery that took place at the Courtyard Marriott motel in Troy. Steven Smith, who was visiting from Florida, parked in the parking lot next to the door of his motel room. Detective Miles testified that Smith took some of his property into the motel room and, when he returned to the car to get some more things, Smith saw a black male sitting in his car. When Smith told the man to get out of his car, the man pointed a gun at Smith and took Smith's iPhone cellular telephone, as well as other property that was in Smith's car before fleeing the scene on foot. A K9 unit was called and was dispatched in the direction in which the perpetrator ran, but the dogs lost the scent around the M section of the Oak Grove Apartments. Detective Miles also "pinged" Smith's cellular telephone, and it appeared around apartment M-4 of the Oak Grove Apartments.
The following day, Smith found a cellular telephone in his car and telephoned Detective Miles. Detective Miles picked up the cellular telephone, put a property receipt on it, and logged it into evidence. Detective Miles testified that he then contacted the district attorney's office and was told that he did not need a search warrant for the phone, but that he should contact the district court judge to verify that. Detective Miles then contacted the judge, who explained that Detective Miles would not need a search warrant if he used the telephone only to identify the owner.
Detective Miles testified that he was unable to obtain the name of the owner of the cellular telephone from the "My Information" section on the telephone but did find the telephone number. Detective Miles then took a picture of the telephone *327 number and scrolled through some of the photographs saved on the telephone in order to determine the owner of the cellular telephone. Detective Miles testified that he recognized the people in the pictures as Tolbert and his girlfriend, Octavia Brunson. Detective Miles subsequently learned that Brunson lived in apartment M-4 and that Tolbert lived there with her.
Detective Miles obtained a search warrant for Brunson's apartment. During the search of the apartment, Detective Miles found all of Smith's stolen property, with the exception of a computer. When interviewing Tolbert, Detective Miles learned that Tolbert's cellular telephone number was the same as the number for the cellular telephone found in Smith's car.
Tolbert's sole contention on appeal is that the circuit court erred when it denied his motion to suppress evidence of the contents of his cellular telephone and all the evidence obtained as a result of the warrantless search of his cellular telephone. Specifically, Tolbert contends that the warrantless search was unreasonable because, he says, none of the exceptions to the warrant requirement apply, he "had a subjective and objective expectation of privacy over the contents of his cell phone," and leaving his cellular telephone at the crime scene did not evidence his intent to relinquish his expectation of privacy in the contents of the cellular telephone. (Tolbert's brief, p. 14.) The State contends that Tolbert abandoned his cellular telephone when he left it at the scene of the crime and, therefore, that Tolbert no longer had an expectation of privacy in his telephone after he left it in Smith's car.
"This Court reviews de novo a circuit court's decision on a motion to suppress evidence when the facts are not in dispute. See State v. Hill, 690 So.2d 1201, 1203 (Ala. 1996) ; State v. Otwell, 733 So.2d 950, 952 (Ala. Crim. App. 1999)." State v. Skaggs, 903 So.2d 180, 181 (Ala. Crim. App. 2004). In the instant case, the facts are uncontested; the only issue is the circuit court's application of the law to those facts. Therefore, this Court affords no presumption in favor of the circuit court's ruling.
Warrantless searches are per se unreasonable, unless they fall within one of the recognized exceptions to the warrant requirement. Urioso v. State, 910 So.2d 158, 159 (Ala. Crim. App. 2005) ; Baird v. State, 849 So.2d 223, 229 (Ala. Crim. App. 2002) ; Chevere v. State, 607 So.2d 361, 368 (Ala. Crim. App. 1992).
"Those exceptions include: objects in plain view, consensual searches, a search incident to a lawful arrest, hot pursuit or emergency situations, probable cause coupled with exigent circumstances, and a Terry [v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ] 'stop and frisk' situation. Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973). Where a search is executed without a warrant, the burden falls upon the State to show that the search falls within an exception. Kinard v. State, 335 So.2d 924 (Ala. 1976)."
Ex parte Tucker, 667 So.2d 1339, 1343 (Ala. 1995).
It is well settled that " '[a] warrantless search or seizure of property that has been "abandoned" does not violate the fourth amendment. See e.g. Abel v. United States, 362 U.S. 217, 241, 80 S.Ct. 683, 698, 4 L.Ed.2d 668 (1960).' " Smith v. State, 557 So.2d 1322, 1325 (Ala. Crim. App. 1989) (quoting United States v. Thomas, 864 F.2d 843, 845 (D.C.Cir. 1989) ).
" ' "When individuals voluntarily abandon property, they forfeit any expectation of privacy in it that they might have had.
*328 United States v. Berd, 634 F.2d 979, 987 (5th Cir. 1981). Therefore, a warrantless search or seizure of abandoned property is not unreasonable under the Fourth Amendment. [Citations omitted.] The existence of police pursuit or investigation at the time of abandonment does not of itself render the abandonment involuntary. United States v. Colbert, 474 F.2d 174, 176 (5th Cir. 1973) ; see generally, e.g., Berd, 634 F.2d at 987, United States v. Canady, 615 F.2d 694 (5th Cir.), cert. denied. 449 U.S. 862, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980) ; United States v. Williams, 569 F.2d 823 (5th Cir. 1978) ; [United States v.] D'Avanzo, 443 F.2d 1224 [ (2d Cir.), cert. denied, 404 U.S. 850, 92 S.Ct. 86, 88, 30 L.Ed.2d 89 (1971) ].
" ' "The test for abandonment is whether an individual has retained any reasonable expectation of privacy in the object. [Citation omitted.] This determination is to be made by objective standards. United States v. Kendall, 655 F.2d 199, 201 (9th Cir.1981), cert. denied, 455 U.S. 941, 102 S.Ct. 1434, 71 L.Ed.2d 652 (1982). An expectation of privacy is a question of intent, which "may be inferred from words spoken, acts done, and other objective facts." '
" Carlisle v. State, 533 So.2d 645, 647 (Ala. Cr. App. 1987), quoting United States v. Jones, 707 F.2d 1169, 1172 (10th Cir. 1983), cert. denied, 464 U.S. 859, 104 S.Ct. 184, 78 L.Ed.2d 163 (1983). (Emphasis added.)"
Thompson v. State, 680 So.2d 1014, 1016 (Ala. Crim. App. 1996).
The United States Supreme Court addressed the warrantless search of the contents of a cellular telephone in Riley v. California, 573 U.S. 373, 381-82, 134 S.Ct. 2473, 2482-83, 189 L.Ed.2d 430 (2014). In Riley, the United States Supreme Court considered two cases, both of which involved the warrantless search of the contents of a cellular telephone by a police officer following the arrest of a defendant. In both cases, information retrieved from the cellular telephones was used to gather evidence to bring additional criminal charges against the defendants. The United States Supreme Court held that a warrant was required before a cellular telephone seized incident to an arrest could be searched. The Riley Court, however, also held:
"[E]ven though the search incident to arrest exception does not apply to cell phones, other case-specific exceptions may still justify a warrantless search of a particular phone. 'One well-recognized exception applies when " 'the exigencies of the situation' make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment.' " Kentucky v. King, 563 U.S. [452], at 459, 131 S.Ct. [1849] at 1856 [ (2011) ] (quoting Mincey v. Arizona, 437 U.S. 385, 394, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) ).' Such exigencies could include the need to prevent the imminent destruction of evidence in individual cases, to pursue a fleeing suspect, and to assist persons who are seriously injured or are threatened with imminent injury. 563 U.S. at 460, 131 S.Ct. 1849."
Riley v. California, 573 U.S. at ----, 134 S.Ct. at 2494.
In this case, unlike Riley, the search of Tolbert's cellular telephone did not occur following his arrest. Instead, the day following the robbery, Smith notified police that he had found a cellular telephone in his car and that the telephone did not belong to him. Detective Miles then performed a limited search of the cellular telephone to determine who owned it. Detective Miles recognized Tolbert and his girlfriend in a photograph on the telephone.
*329 After further investigation, Detective Miles questioned Tolbert, who stated that his cellular telephone number was the same as the one for the cellular telephone found in Smith's car. Based on the particular facts and circumstances of this case, we conclude, as the circuit court did below, that Tolbert abandoned his telephone at the scene of the crime when he left his telephone in Smith's car and, approximately 24 hours after the robbery, the telephone was found by Smith and turned over to police.
We are not persuaded by Tolbert's argument that he did not relinquish his expectation of privacy when he inadvertently left his cellular telephone at the crime scene. Although we can find no Alabama case in which we have addressed a defendant's expectation of privacy in a cellular telephone left at the scene of a crime, a Court of Appeals of Texas addressed this issue in Edwards v. State, 497 S.W.3d 147 (Tex. Ct. App. 2016). In Edwards, the defendant rode with three other men in a car to a "game room" and parked the car in the parking lot in front of the "game room." 497 S.W.3d at 161. After an exchange of gunfire, the defendant and the other men ran on foot, leaving the car behind. While processing the crime scene, police found a cellular telephone that had been left on top of the car. Police subsequently determined that the cellular telephone belonged to the defendant. The defendant moved to suppress evidence retrieved from the cellular telephone, and the trial court denied the motion. On appeal, the Texas Court of Appeals addressed "whether the accused voluntarily discarded, left behind, or otherwise relinquished his interest in property so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." Edwards, 497 S.W.3d at 160-61. The Texas court concluded that the defendant had voluntarily abandoned the cellular telephone because the defendant left the telephone on top of the car without taking it with him and, therefore, the defendant did not have a reasonable expectation of privacy in the cellular telephone. Edwards, 497 S.W.3d at 161.
Similarly, in this case Tolbert left his telephone in Smith's car during the commission of a crime. When Tolbert was confronted by Smith, Tolbert ran and abandoned his telephone in Smith's car. Because Tolbert abandoned the cellular telephone in Smith's car, Tolbert could not later claim an expectation of privacy in the cellular telephone. Accordingly, the circuit court did not err when it denied Tolbert's motion to suppress.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
Windom, P.J., and Welch, Burke, and Joiner, JJ., concur.