The petitioner, Nicholas Longmire, was convicted of third degree assault. The assault occurred at the St. Clair County Correctional Facility, which is located in the northern judicial division of St. Clair County. St. Clair County is divided into two judicial divisions — (1) the northern division, which holds court at the St. Clair County Courthouse in Ashville, and (2) the southern division, which holds court at the St. Clair County Courthouse in Pell City. The indictment against Longmire was returned in Ashville, and the jury was summoned to, and struck in, the St. Clair County Courthouse at Ashville. However, over the objection of Longmire, the court moved the trial to the courthouse at Pell City.
Longmire was convicted of third degree assault and was sentenced to 12 months at the county correctional facility. He appealed his conviction to the Court of Criminal Appeals, arguing that, under the Alabama Constitution of 1901, § 6, he had the right to be tried in the county or district where the offense was committed, and that this right had been violated by the trial court's changing the place of the trial to Pell City. The Court of Criminal Appeals affirmed, without an opinion. 575 So.2d 1255.
Longmire filed a petition for writ of certiorari with this Court. We issued the writ to examine the issue of whether the trial court violated Longmire's right to trial in the county or district where the offense was committed by changing the place of his trial from Ashville to Pell City.[1]
Longmire argues that Act No. 53, 1907 Ala. Local Acts 61, divides St. Clair County into two judicial divisions, similar to the effect of the 1919 Bessemer court legislation, Act No. 213, 1919 Ala. Local Acts 62 (hereinafter "the Bessemer Act"), which divided Jefferson County into two divisions, each with exclusive jurisdiction over matters that occur within the respective boundaries. The Bessemer Act has been interpreted as "venue legislation," making venue proper in the division in which the offense occurred. See Agee v. State, 465 So.2d 1196,1204 (Ala.Crim.App. 1984). Therefore, Longmire argues that he was denied his constitutional right to trial in the proper venue when the trial court moved his trial to Pell City.
The State argues that, under Rule 45, A.R.App.P., Longmire must show that he was prejudiced by the trial court's actions before he is entitled to a reversal. Because the jury was struck in Ashville before the trial was moved, the State argues that Longmire cannot show injury because he was "tried" by a jury struck in the northern district. Therefore, the only difference between a trial in Ashville and a trial in Pell City is a distance of less than 20 miles, and that, the State contends, is insufficient to show prejudice.
Over the objections of Longmire, the trial court moved Longmire's trial to Pell City because another trial was scheduled to begin in the courthouse at Ashville, which would cause Longmire's trial to be delayed. The issue for purposes of this appeal is whether moving the trial from Ashville to Pell City constituted a change of venue, as Longmire argues. If so, the judgment of the trial court is due to be reversed.
 "In all prosecutions by indictment the accused has a right to a speedy public trial by an impartial jury in the county in which the offense was committed. Ala. Const. of 1901, § 6. See also Ala. Const. of 1901, §§ 11, 12; Collins v. State, 88 Ala. 212, 7 So. 260 (1890)." *Page 505 Swain v. Alabama, 380 U.S. 202, 211 n. 7, 85 S.Ct. 824, 831 n. 7, 13 L.Ed.2d 759 (1965).
Contrary to the State's argument, if the move constituted a change of venue, Rule 45 would not bar this appeal. Rule 45, A.R.App.P, provides that "[n]o judgment may be reversed or set aside, nor new trial granted in any . . . criminal case . . ., unless . . . it should appear that the error complained of has probably injuriously affected substantial rights of the parties." Ala.R.App.P. 45 (emphasis supplied). The right to be tried in the place where the offense occurred is a substantial constitutional right. When a defendant objects to the change of venue, and the court upon its own motion proceeds to change venue, the result is a certain, not probable, injury to the defendant's substantial right to be tried in the county or district where the offense was alleged to have been committed.
The Code of Alabama allows a defendant to move for a change of venue. Ala. Code 1975, § 15-2-20. Also, the Code provides:
 "On his own motion, a trial judge may, with the consent of the defendant, direct and order a change of venue as is authorized in section 15-2-20
whenever, in his judgment, there is danger of mob violence, and it is advisable to have a military guard to protect the defendant from mob violence."
Id. § 15-2-21 (emphasis supplied). In this case, the trial court moved Longmire's trial, not because of some anticipation of violence, but because "the Court [felt] it [was] the Court's prerogative to use the facilities in this County to benefit the people of St. Clair County." Therefore, it is apparent that if the move from Ashville to Pell City constitutes a change of venue, the trial court committed reversible error.
The question of whether the two divisions of St. Clair County are two separate venues can be answered by examining the legislation that created the two judicial divisions of St. Clair County and by comparing that legislation to the legislation that created the Bessemer Division in Jefferson County, which division has been held to be treated as a separate county for purposes of establishing venue. SeeAgee, 465 So.2d at 1204.
The Bessemer Act created a circuit court to be held at Bessemer, or the Bessemer Division, and its "jurisdiction and powers [were to be] exclusive in, limited to, and [to] extend over" certain territorial portions of Jefferson County. Act No. 213, § 2, 1919 Ala. Local Acts 62. The act creating separate judicial divisions in St. Clair County, Act No. 53, 1907 Ala. Local Acts 61, on the other hand, states that the county was to be divided into two divisions and that criminal defendants "shall be indicted and tried in the judicial division where the offense with which they are charged was committed." Id. § 5. Notably absent is the "exclusive" language found in the Bessemer Act. Also, § 3 of the St. Clair County Act provides that the clerk's office is "required to open a branch office."Id. § 3 (emphasis supplied). It does not establish a new, separate clerk's office, as would be expected if the two divisions were to be treated as two separate counties. Section 11 provides that
 "both grand and petit jurors shall be drawn and summoned to serve in both divisions of said court in the same manner and by the same authority that grand and petit jurors are now summoned to serve in the circuit court of St. Clair County, but the time and place of the service of such jurors shall be designated by the officers drawing and summoning them."
Id. § 11. Again, the implication is that the two divisions are but part of one court, the Circuit Court of St. Clair County. Based upon the language of the 1907 St. Clair County Act, it is the opinion of this Court that the Act does not create two separate judicial districts for purposes of venue. The Act divides St. Clair County into two judicial divisions, apparently for purposes of economy and convenience. The language of the Act is not restrictive and exclusive, as is the language of the Bessemer Act. Because the two judicial divisions of St. Clair County are not; the equivalent of two counties for purposes of venue, we hold that the trial court has the *Page 506 
discretion to change the place of the trial to another division without offending a defendant's constitutional right to trial in the proper venue. However, this opinion does not hold that such a move cannot result in reversible error when the defendant can show that the trial court abused its discretion and that the defendant was thereby prejudiced.
Longmire has failed to state how he was prejudiced by the trial court's decision to move his trial to Pell City. He made no showing of any injury he suffered as a result of the move. Therefore, we hold that under Rule 45, A.R.App.P., he is not entitled to relief from this Court.
Therefore, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] Longmire also raises the issue of whether the State proved venue as part of its burden of proof. We pretermit discussion of this issue because of our decision on the issue of whether the move from Ashville to Pell City was a change of venue.