Kim Gonzalez petitions this Court for a writ of mandamus ordering Judge John Jolly of the Franklin County Circuit Court to dismiss the capital murder indictment against her. We hold that she has failed to establish a clear legal right to the relief requested and, therefore, we deny the writ.
Gonzalez argues that the indictment should be dismissed because, she argues, the grand jury proceedings were so tainted by prosecutorial misconduct and ineffective assistance of counsel as to render the proceedings fundamentally unfair. She also argues that statements she made to police that were presented to the grand jury were illegally obtained and should not be used against her. Gonzalez moved to dismiss the indictment, but the trial court denied her motion. She then petitioned the Court of Criminal Appeals for a writ of mandamus requiring the trial judge to dismiss the indictment, but that court denied the writ, without an opinion. Ex parte Gonzalez,678 So.2d 1221 (Ala.Crim.App. 1996) (table). Subsequently, Ms. Gonzalez petitioned this Court for a writ of mandamus.
The writ of mandamus is a drastic and extraordinary writ, to be issued only when there is a clear legal right to the relief sought, a duty upon the respondent to perform, a refusal to do so, lack of another adequate remedy, and properly invoked jurisdiction of the court. Ex parte Ziglar, 669 So.2d 133 (Ala. 1995). Generally, orders ultimately reviewable on appeal from a final judgment are not subject to review on a petition for the writ of mandamus. Ex parte Spears, 621 So.2d 1255 (Ala. 1993). However, there are a few exceptions wherein mandamus review is appropriate. See, e.g., Ex parte Crawford, 686 So.2d 196 (Ala. 1996) (mandamus proper to review denial of recusal motion); Exparte Monk, 557 So.2d 832 (Ala. 1989) (mandamus proper to review discovery orders); Ex parte Rush, 419 So.2d 1388 (Ala. 1982) (mandamus proper to enforce right to jury trial).
The issue in this case is whether Kim Gonzalez has a clear legal right to have the capital murder indictment quashed.
In Ex parte Jackson, 614 So.2d 405 (Ala. 1993), we issued a writ of mandamus ordering the trial court to dismiss a capital murder indictment because the State could prove no set of facts under which the defendant could have been convicted of capital murder. We held that even though upon a conviction and sentence of death the defendant would have had an automatic appeal to the Court of Criminal Appeals and certiorari review by this Court as a matter of right, allowing the State to proceed under the indictment would *Page 206 
result in a disruption of justice because there was no set of facts that would make the charged murder punishable as a capital offense. Notably, the State had leave to reindict the defendant under the appropriate provision of the Criminal Code, i.e., under the Code sections dealing with murder not punishable as a capital offense.
Because the writ of mandamus is an extraordinary writ and because it is rare to a murder indictment handed down by a grand jury, we consider the function of the grand jury to determine if mandamus relief would be appropriate here.
"The grand jury is an institution separate from the courts, over whose functioning the courts do not preside." UnitedStates v. Williams, 504 U.S. 36, 46, 112 S.Ct. 1735, 1742,118 L.Ed.2d 352 (1992). Rather, it serves as a kind of buffer between the government and the people. Williams. In Williams, the issue was whether a federal district court could dismiss an otherwise valid indictment because the Government had failed to disclose to the grand jury substantial exculpatory evidence in its possession. The Supreme Court held that requiring the prosecutor to present such exculpatory evidence would turn the grand jury, which has always been an accusatory body that sits to assess whether there is an adequate basis to bring an indictment, into an adjudicatory body sitting to determine guilt or innocence.
Unlike a court, which needs a case or controversy in order to have jurisdiction, the grand jury can investigate on a mere suspicion that a law is being violated or to assure that it is not being violated. United States v. R. Enterprises,498 U.S. 292, 111 S.Ct. 722, 112 L.Ed.2d 795 (1991). The grand jury sits not to determine guilt or innocence, but to assess whether there is an adequate basis for bringing a criminal charge.United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613,38 L.Ed.2d 561 (1974). In Calandra, a grand jury witness was questioned regarding evidence that had allegedly been obtained in violation of the Fourth Amendment. The Supreme Court refused to extend the exclusionary rule to grand jury proceedings, based on "potential injury to the historic role and functions of the grand jury." Calandra, 414 U.S. at 349, 94 S.Ct. at 620. The Double Jeopardy Clause of the Fifth Amendment is not violated when a grand jury returns an indictment even though a prior grand jury considering the same question did not do so.Williams, 504 U.S. 36, 112 S.Ct. 1735, 118 L.Ed.2d 352, citing,Ex parte United States, 287 U.S. 241, 53 S.Ct. 129,77 L.Ed. 283 (1932). United States Supreme Court cases suggest that the Sixth Amendment right to counsel does not attach when an individual is summoned to appear before a grand jury, even if that person is the subject of the investigation. United Statesv. Mandujano, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212
(1976); In re Groban, 352 U.S. 330, 77 S.Ct. 510, 1 L.Ed.2d 376
(1957).
With that in mind, we will address Gonzalez's arguments that the capital murder indictment should be quashed. First, she argues that the district attorney should not have testified at the grand jury proceeding as a witness when he had also appeared as a prosecutor in the proceeding. Second, she argues that her attorney should not have testified at the grand jury proceeding. Last, she argues that her statement made to the police was an involuntary statement and should not have been used at the grand jury proceeding.
Gonzalez argues that the district attorney should not have been allowed to testify as a witness in front of the grand jury because, she says, his testifying violated the Alabama Rules of Professional Conduct. However, Gonzalez does not cite a specific rule. She does quote the following from a 1979 federal district court case out of Illinois: "[A] prosecutor may not hasten the procuring of an indictment by testifying as a witness before the grand jury in a case s/he is prosecuting."United States v. Gold, 470 F. Supp. 1336, 1351 (N.D.Ill. 1979).
First, we note that we are not bound by the statement inGold. See, Weems v. Jefferson-Pilot Life Insurance Co.,663 So.2d 905 (Ala. 1995), cert. denied, ___ U.S. ___,116 S.Ct. 434, 133 L.Ed.2d 348 (1995) (Alabama Supreme Court may rely on decisions of any federal court, but is bound only by *Page 207 
decisions of the United States Supreme Court). Second, the indictment in Gold was dismissed for multiple established indiscretions by the Government, only one of which was the dual employment of the attorney appointed by the Department of Justice to prosecute the case, who was also the chief investigator on the case for the Environmental Protection Agency and who while also acting as prosecutor testified to his findings as the chief investigator. Gold is also distinguishable from this case in that the attorney in Gold
continued to prosecute the case for the Government after he had testified. In this present case, it is undisputed that the district attorney did testify at the grand jury proceeding. However, once the district attorney appeared before the grand jury as a witness, an assistant prosecutor then presented the remainder of the case to the grand jury. This Court will not create legal arguments for a party based on undelineated propositions. McLemore v. Fleming, 604 So.2d 353 (Ala. 1992). Accordingly, we conclude that Gonzalez has not shown a clear legal right to an order quashing the indictment on this ground.
Gonzalez also argues that her attorney should not have testified at the grand jury proceeding. She argues that her attorney testified against her, violating Gonzalez's attorney-client privilege. The State argues that at the hearing on the motion to dismiss Gonzalez did not argue that the attorney violated the attorney-client privilege and, therefore, that she is barred from raising it now. In response, Gonzalez claims that a motion to dismiss the indictment was made in open court and that this is sufficient to raise the issue. However, this is not sufficient to raise Gonzalez's specific argument concerning a violation of the attorney-client privilege.Assured Investors Life Insurance Co. v. National Union Assocs.,Inc., 362 So.2d 228 (Ala. 1978) (failure to raise argument in trial court barred party from raising the issue in petition for the writ of mandamus). Therefore, Gonzalez has not shown a clear legal right to relief on this ground, either.
Assuming that Gonzalez had properly raised this argument in the court below, we cannot say the she would be entitled to mandamus relief on the merits of her argument. In order to show a violation of the attorney-client privilege, one must show that there was an attorney-client relationship, that the communications were within the privilege, and that prejudice would result if the communications were disclosed. Bassett v.Newton, 658 So.2d 398 (Ala. 1995). Gonzalez failed to show that the communications with her attorney were within the privilege.
Last, Gonzalez argues that she is entitled to have the indictment quashed on the grounds that her statements were illegally obtained in violation of the Fourth Amendment and should not have been presented to the grand jury. As we stated earlier, the United States Supreme Court has refused to extend the application of the exclusionary rule to grand jury proceedings. Calandra, 414 U.S. 338, 94 S.Ct. 613,38 L.Ed.2d 561.
Based on the foregoing, we hold that Gonzalez has failed to show a clear legal right to an order quashing the indictment.
WRIT DENIED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, and COOK, JJ., concur.