709 So.2d 1161 (1997)
Jim ELLIS, as circuit clerk of Coffee County; and Frank Gregory, as director of the Administrative Office of Courts
v.
Larry POPE, et al.
1961789.
Supreme Court of Alabama.
November 13, 1997.
Rehearing Denied January 23, 1998.
*1163 Bill Pryor, atty. gen., and Tori L. Adams-Burks, asst. atty. gen., for appellants.
Jeff W. Kelley of Lindsey, Kelley & McClung, Elba; Paul A. Young, Enterprise; and J. Stafford Pittman, Jr., Enterprise, for appellees.
PER CURIAM.
Larry Pope, Billy Ray Farris, and James Keith Johnson, civil and criminal defendants in actions presently pending in Coffee County, filed a declaratory judgment action asking that Act No. 96-454, Acts of Alabama 1996, be declared unconstitutional. That Act concerns the manner in which juries are selected in Coffee County, which has two judicial divisions: the Elba Division and the Enterprise Division. Jim Ellis, the circuit clerk of Coffee County, and Frank Gregory, the administrative director of courts, appeal from the trial court's judgment declaring Act No. 96-454 unconstitutional.
Act No. 96-454 provides the following:
"Section 1. All jury venires in Coffee County shall be chosen from the county-atlarge and the county shall not be divided into territorial subdivisions for purposes of selecting jury venires.
"Section 2. No person shall serve on both the jury venire chosen at the court at Enterprise and the jury venire chosen at the court at Elba at the same time. The juror shall serve on the venire which was chosen first.
"Section 3. All laws or parts of laws which conflict with this act are expressly repealed.
"Section 4. This act shall become effective in the next term of court after its passage and approval by the Governor, or upon its otherwise becoming a law."
Thus, Act No. 96-454 requires that a Coffee County jury be drawn from the entire county's population, rather than from the population of that division of Coffee County wherein the trial is being held, i.e., the Elba Division or the Enterprise Division.
The trial court held that Act 96-454 violated Art. I, § 6, and Art. IV, § 105, of the Alabama Constitution. Art. I, § 6, provides, in part:
"[I]n all criminal prosecutions, the accused has a right to ... [a trial] by an impartial jury of the county or district in which the offense was committed...."
Art IV, § 105, provides:
"No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."
The general act with which the trial court found Act 96-454 to conflict, § 12-16-44, Ala. Code 1975, requires that a jury venire be drawn from the division where the action is tried, rather than from the county at large. Section 12-16-44 provides:
"Whenever a court requiring grand and petit juries or petit juries is established for and held in a territorial subdivision of the county, the jury commission shall make and keep a separate roll and make a separate *1164 box for that court and territorial subdivision, on which roll and in which box only the names of jurors residing in that territory shall be placed, which box shall be kept by the clerk of said court and the key thereof by the judge of said court, and all jurors for that court shall be drawn by the judge of said court as provided in this article from the separate jury box provided under this section and shall be summoned as provided by law for summoning jurors otherwise drawn. The names of jurors whose names are required to be placed on the roll and in the box provided for in this section shall not be placed on any other roll nor in any other box nor shall any such person be authorized or required to serve as a juror in any court outside of said territorial subdivision.
"If there is more than one court requiring grand and petit juries or petit juries established for and held in such territorial subdivision of the county, all of such courts shall procure their juries from the box provided for in this section.
"This section is intended to apply to any division of a court that is held in such territorial subdivision, including the probate court. It is not the object or effect of this section to repeal or affect any local law."
On appeal, Ellis and Gregory argue that the trial court erred in declaring Act No. 96-454 unconstitutional; they also argue that the declaratory judgment action was an improper vehicle for deciding this issue. We hold that the declaratory judgment action was a proper method for testing the constitutionality of Act No. 96-454. See Ala.Code 1975, § 6-6-223; Tillman v. Sibbles, 292 Ala. 355, 294 So.2d 436 (1974). Regarding the constitutionality of Act No. 96-454, we refer to the well-reasoned and thorough order of the trial court, a portion of which we quote below and adopt as this Court's opinion on the issues regarding Act No. 96-454:
"This case came before the Court on First Amended Bill [for] Declaratory Judgment and First Amended Answer. A trial was held, with all parties represented by counsel, including the defendants, who were represented by the Attorney General.
The Court received evidence which had previously been entered in a similar case, Miller and Daughtery v. Ellis and Gregory, CV-96-81, based on the stipulation of the parties and the authority of Boatright v. Fennell, 213 Ala. 10, 104 So. 1 (1925). The Bill challenges the constitutionality of Act No. 96-454, Acts of Alabama, which requires that all juries be drawn from county-wide pools rather than divisional pools as has been the case since the establishment of two divisions within Coffee County, the Elba Division and the Enterprise Division, by Act No. 569, Acts of Alabama 1907. Two of the plaintiffs are parties in civil cases presently pending in the two divisions of the Circuit Court of Coffee County. Plaintiff Johnson is a defendant in a criminal case presently pending in the Circuit Court of Coffee County, Enterprise Division. The defendants were sued in their official capacities because of their duties in drawing jury venires for the various terms of court in the two divisions.
"The defendants oppose the contentions of the plaintiffs on the grounds that the plaintiffs should not be allowed to bring this challenge to the constitutionality of the Act because they each have the opportunity to raise the grounds in their respective civil and criminal cases. Relief under the Declaratory Judgment Act, § 6-6-220 et seq., Code of Alabama, 1975, does not depend on the presence or absence of other remedies. Ex parte Jim Dandy Co., 286 Ala. 295, 239 So.2d 545 (1970). The fact that another remedy is available to the plaintiffs does not preclude an action seeking a declaratory judgment, particularly since the Bill in this case pursues the purposes of the Declaratory Judgment Act `to afford relief from uncertainty and insecurity with respect to rights' and `to make uniform the law' of this State. § 6-6-221, Code of Alabama, 1975. Therefore, this Court determines that this action is an appropriate action under the Declaratory Judgment Act.
"The plaintiffs argued that Act No. 569, Acts of Alabama, 1907, establishes two separate jurisdictions within Coffee County. However, this Court notes that the Supreme Court of Alabama has previously *1165 determined that the Act provides for differences in venue rather than in subject matter jurisdiction. Ex parte Chrysler Corp., 659 So.2d 113 (Ala.1995), citing Glenn v. Wilson, 455 So.2d 2 (Ala.1984). Therefore, the Court found no merit in that argument. The plaintiffs presented three other basic grounds of attack on the Act which must be addressed.
"JUDICIAL ARTICLE
"The plaintiffs contend that Act No. 96-454 violates Amendment 328, Alabama Constitution of 1901, particularly §§ 6.11 and 6.12. The plaintiffs cite Rule 12.1(a), Ala.R.Crim.P., which states that `Jurors shall be drawn and selected as provided in Title 12, Chapter 16, Ala.Code 1975.' The Court found no merit in an argument which sought to raise a Supreme Court rule to the level of a constitutional provision simply because the Constitution authorizes such a rule. The plaintiffs also contended that Act No. 96-454 effectively eliminates the Enterprise Division, in violation of § 6.12. The Court also found no merit in this contention, since the Act does not abolish or eliminate the division.
"RIGHT TO A JURY TRIAL
"The plaintiffs contend that the Act violates Article I, § 6, of the Alabama Constitution of 1901 ... in that it requires that a defendant in a criminal case be tried by a jury comprised of individuals who do not reside in the county and district where the offense occurred. The defendants contend that [this] [provision requires] that the trial be held in the appropriate county or district, not before jurors who reside in that county or district. This contention could stand if the [constitution] provided that the defendant had the right to a trial by an impartial jury in the county or district in which the offense was committed. However, this is not the case. The Alabama Constitution provides that an accused has the right to a trial `by an impartial jury of the county or district in which the offense was committed.' (Emphasis added.) ... The constitutional [provision requires] that the jurors be of (meaning residents of) the county or district where the crime was committed.
"The meaning of the term `district' appears to have varied over the years. Since the [1973] adoption of the present Judicial Article [of the Alabama Constitution], `district' [as in references to the district court] has come to mean a judicial subdivision of the State geographically equal to or less than a `circuit.' It usually coincides with county boundaries, and is never a subdivision of a county. The term must not be viewed in light of its meaning today, but as it was used in 1901, when Art. I, § 6, was drafted. Act No. 569, Acts of Alabama, 1907, which subdivided Coffee County, was adopted within six years of the ratification of our present Constitution, and that Act used the term `district' to refer to the subdivisions of the county. Therefore, it must be concluded that the term `district' in the terminology used at the time of the drafting and ratification of [the Alabama] Constitution in 1901 meant the subdivision of a county.
"The question must be answered whether it is sufficient that the jurors be residents of the county or must they be residents of the appropriate district as well. If this Court were to conclude that the jurors need only be residents of the county, the effect of such a decision would be to excise or erase from the Constitution the words `or district' since they would be rendered useless. Clearly, this places Act No. 96-454 in violation of Article I, § 6, of the Alabama Constitution of 1901. This Court is keenly aware of and respectful of the presumption in favor of the constitutionality of an act of the legislature. However, when an act clearly conflicts with a constitutional provision, the act cannot stand. The Constitution is the sole source of the authority of the legislature.
"The fact that the Act is unconstitutional as applied to criminal cases does not conclude the inquiry. It is noted that the Act contains no severability clause which would save its provisions with respect to civil cases. However, the Court could determine that those remaining provisions remain in effect if they are enforceable without *1166 the offending portion. Ex parte Springer, 619 So.2d 1267 (Ala.1992). Act No. 96-454 consists of only four sections, with Section 1 being the primary section. It reads as follows: `All jury venires in Coffee County shall be chosen from the county-at-large and the county shall not be divided into territorial subdivisions for purposes of selecting jury venires.' This section constitutes the offending portion of the legislation, and when it is stricken nothing substantive or enforceable remains. To hold that the Act could still apply but only to civil cases would require rewriting the legislation, which is not within the authority of the Court. Because of these observations and conclusions, it must be held that Act No. 96-454 is unconstitutional because it violates the right to trial by jury established in Art. I, § 6, of the Alabama Constitution of 1901.
"GENERAL LAW/LOCAL LAW
"The plaintiffs also contend that Act No. 96-454 violates Art. 4, § 105, of the Alabama Constitution of 1901, as clarified in Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), in that it is a local act which deals with matters that have been subsumed by a general act. In addressing this issue the Court must first determine whether Act No. 96-454 is a local act. The defendants urge the Court to find that the Act is not local, in view of the fact that the appellate courts of this State have found acts applying to only one county to be general acts in several cases. The defendants cite Phalen v. Birmingham Racing Commission, 481 So.2d 1108 (Ala.1985), Crosslin v. City of Muscle Shoals, 436 So.2d 862 (Ala.1983), and City of Birmingham v. City of Vestavia Hills, 654 So.2d 532 (Ala.1995). Each of these cases is distinguishable from the instant case. In Phalen v. Birmingham Racing Commission, supra, the act in question was not violative of Art. 4 § 105, because it was based on a legitimate population classification, a constitutional exception created after Peddycoart v. City of Birmingham. The act scrutinized in Crosslin v. City of Muscle Shoals, supra, did not run afoul of a general act on the same subject, because the general act was specifically non-exclusive by its terms. The decision in City of Birmingham v. City of Vestavia Hills, supra, held that the subject matter of the local act had not been addressed in the general act and was outside the operation of § 105. Most of the post-Peddycoart decisions where local acts are upheld turn on population classifications or the conclusion that the subject matters of the local acts have not been subsumed by general acts. Act No. 96-454 applies to only one county, Coffee County. It can never apply to any other county, by its terms. It does not apply to the whole state or to a class of municipalities. This Court concludes that Act No. 96-454 is a local act.
"The next question which must be addressed is whether there is a general act which addressed the same subject matter as Act No. 96-454. The plaintiffs cite § 12-16-44, Code of Alabama, 1975, as such a general act. That section provides for divisional jury pools. That section also includes the following language: `It is not the object or effect of this section to repeal or affect any local law.' The defendants contend that this language makes the general law nonexclusive as ... there is no conflict with § 105.
"An inquiry into the legislative history of this section is instructive. This section was carried over from the Code of Alabama, 1940, Tit. 30, § 25, without change from its predecessor, Act No. 59, Acts of Alabama, 1939. The identical language appeared in § 8633, Code of Alabama, 1923. The act which preceded the 1923 Code provision was different. Act No. 183, Acts of Alabama, 1909,[[1]] provided in Section 25 that jurors in territorial subdivisions were to be held and drawn from separate boxes *1167 for each subdivision, just as the succeeding legislative enactments. However, the 1909 Act did not contain the nonexclusive language which is in our present Code. Instead, it provided in Section 32 that `All laws, general, special or local regulating the selection, drawing, summoning or empaneling of grand, or petit jurors ... are hereby expressly repealed, it being the intent of the Legislature, that, this act shall be the exclusive law on such subjects, in all the courts of the State of Alabama.' The result is that the provisions relating to the drawing of jury venires established in Act No. 569, Acts of Alabama, 1907, [were] subsumed by this subsequent general act. Therefore, since the summoning of jurors in the territorial subdivisions of Coffee County came to be governed by a general act in 1909, the nonexclusive language which appeared in the 1923 Code and [which] presently exists in the 1975 Code did not apply to that process in Coffee County. The conclusion is that there is [a] general law which addresses the subject matter of Act No. 96-454. It must be determined next whether the general act subsumes the local act. The provisions of the local act, Act No. 96-454, are simple. They direct that jury venires are to be drawn from the county at large rather than from the division where the case is to be tried. The general act, § 12-16-44, Code of Alabama, 1975, provides that jury venires are to be drawn from the division where the case is to be tried rather than [from] the county at large. The conclusion that the two acts conflict is inescapable.
"In view of the conflict between the local act and the general act, the Court must determine whether there are local needs which justify the exception to the general act created by Act No. 96-454. The parties presented evidence to the Court, and the evidence presented by the defendants catalogued the difficulties involved in complying with the general act and its divisional jury pool requirement. The Court found that the evidence relating to local needs was neither remarkable nor compelling. The evidence did not establish any hardship or special need in Coffee County which would not be experienced in any other county which is subdivided and therefore required under the general act to have divisional jury pools. If it is determined that compliance with the general act creates a hardship, then the solution lies in a general act, not a local act. This Court specifically finds that the defendants failed to present evidence which establishes unique local needs which are not substantially provided for by the general law. Miller v. Marshall County Board of Education, 652 So.2d 759 (Ala.1995). The conclusion must be that Act No. 96-454 has no constitutional field of operation.
"IT IS, THEREFORE, ORDERED as follows:
"1. Act No. 96-454 is declared unconstitutional, in violation of Art. 1, § 6, [and] Art. 4, § 105, of the Constitution of Alabama, 1901....[2]
"2. The defendants will draw all grand and petit jury venires for Coffee County, Alabama, only from the division in which the trial will be held.
"DONE AND ORDERED this 17th day of July, 1997.
 "/s/ William G. Hightower
 "Circuit Judge
 "Coffee County, Alabama
 "By special assignment"
The judgment of the trial court is affirmed.
AFFIRMED.
SHORES, KENNEDY, and BUTTS, JJ., concur.
ALMON, COOK, and SEE, JJ., concur in the result.
HOOPER, C.J., and MADDOX J., dissent.
SEE, Justice, concurring in the result.
Act No. 96-454, Acts of Alabama 1996, requires courts in Coffee County to draw *1168 jury venires from the county at large, even though Coffee County is divided into two territorial divisions. Although I concur with the result reached by the majority, I write separately to clarify my view of the only provision of the Constitution of Alabama of 1901 that Act No. 96-454 violates.[3]
Article IV, § 105, of the Constitution of Alabama of 1901 provides:

"No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."
(Emphasis added.) This Court has held that § 105 prohibits the enactment of a local law that deals with a subject subsumed by a general statute. Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978).
Section 12-16-44, Ala.Code 1975, a general statute, provides in pertinent part:

"Whenever a court requiring grand and petit juries ... is ... held in a territorial subdivision of the county, the jury commission shall make and keep a separate roll and make a separate box for that court and territorial subdivision, on which roll and in which box only the names of jurors residing in that territory shall be placed.... The names of jurors whose names are required to be placed on the roll and in the box provided for in this section shall not be placed on any other roll nor in any other box nor shall any such person be authorized or required to serve as a juror in any court outside of said territorial subdivision."

(Emphasis added.)[4] Thus, under § 12-16-44, a court sitting in a territorial subdivision of a county must draw its jurors from that territorial subdivision and not from the county at large. Coffee County is divided into two territorial subdivisions: the Elba Division and the Enterprise Division. Under § 12-16-44, the Coffee County Circuit Court, when sitting in the Elba Division, may draw jurors only from the territorial jurisdiction of that division and not from the county at large.
*1169 The Legislature also enacted Act No. 96-454, a local law,[5] which provides in pertinent part:

"All jury venires in Coffee County shall be chosen from the county-at-large and the county shall not be divided into territorial subdivisions for purposes of selecting jury venires."
(Emphasis added.) Clearly, local Act No. 96-454 deals directly with the same subject as the general statute § 12-16-44, that is, the designation of the geographic area within a county from which jury venires are to be drawn.[6] I agree, therefore, with the main opinion that local Act No. 96-454 deals with a subject subsumed by § 12-16-44, and thus violates the prohibition of § 105 of the Constitution of Alabama of 1901 against certain local laws.[7]
I cannot agree with Justice Maddox's argument that the Legislature's enactment of Act No. 594, Acts of Alabama 1978, had the effect of repealing the general act, § 12-16-44, thereby avoiding a conflict between it and local Act No. 96-454. Although § 12 of Act No. 594 provides that inconsistent laws are repealed,[8] such repeals by inconsistency, that is, by implication, are not favored. Fletcher v. Tuscaloosa Fed. Sav. & Loan Ass'n, 294 Ala. 173, 177, 314 So.2d 51, 54-55 (1975). The courts allow repeal by implication only when two statutes are in such conflict that the Legislature must have intended the latter to repeal the former. See id. (stating that implied repeals are not favored and will be allowed only when a conflict between a prior act and a subsequent act shows a clear intention to repeal the prior act). For example, in Vaughn v. State, 370 So.2d 339 (Ala. Crim.App.1979), the Court of Criminal Appeals held that Act No. 594, Acts of Alabama 1978, which sets forth various jury service requirements other than age, did not impliedly repeal § 12-16-150(8), which provides that persons under the age of 19 or over the age of 65 may be challenged for cause.
Similarly, in this case Act No. 594, Acts of Alabama 1978, sets forth various requirements for juries other than drawing venires from territorial subdivisions. This creates no irreconcilable conflict with § 12-16-44, which provides that jury venires in counties with territorial subdivisions are to be drawn solely from those subdivisions. Section 12-16-57, which was added to the Code of Alabama 1975 by Act No. 594, provides that "[t]he *1170 jury commission for each county shall compile and maintain an alphabetical master list of all persons in the county who may be called for jury duty." (Emphasis added.)[9] Section 12-16-44 provides that "[w]henever a court ... is ... held in a territorial subdivision of the county, the jury commission shall... keep a separate roll ... for ... jurors residing in that territory." Section 12-16-44 merely requires that in those counties with courts that sit in territorial subdivisions, the jury commissions must keep separate territorial subdivision lists of jurors in addition to the county-wide master lists required by § 12-16-57. Section 12-16-57 does not mandate that jurors living in one territorial subdivision must be allowed to serve in another territorial subdivision in contradiction to § 12-16-44. Thus, there is no irreconcilable conflict between § 12-16-44 and the subsequently enacted § 12-16-57 such that the latter impliedly repeals the former.
An examination of those sections specifically repealed by Act No. 594, Acts of Alabama 1978, reinforces the conclusion that no irreconcilable conflict exists between a requirement for a county-wide list of jurors and the requirement that jury venires be drawn from territorial subdivisions. Section 11 of Act No. 594 expressly repealed, among others,[10] § 12-16-42, which provided in pertinent part:
"The jury commission ... shall make... a roll containing the name of every citizen living in the county who possesses the qualifications prescribed in this article...."
(Emphasis added.) Like current § 12-16-57, prior law§ 12-16-42required the jury commission to keep a roll of all the qualified jurors in the county. Yet this Court never held that the requirement of § 12-16-42 for a county-wide list of jurors created an irreconcilable conflict with the requirement of § 12-16-44 that jury venires be drawn from territorial subdivisions in those counties with such subdivisions. The current law, § 12-16-57, creates no more conflict with § 12-16-44 than did the prior law, § 12-16-42, and we are bound to construe those provisions so as to avoid conflict. See Ex parte Jackson, 625 So.2d 425, 428 (Ala.1992) (stating that sections of the Code originally constituting single act must be read in pari materia in order to produce a harmonious whole); League of Women Voters v. Renfro, 292 Ala. 128, 131, 290 So.2d 167, 169 (1974) (stating that sections of the Code dealing with the same subject matter are in pari materia and, as a general rule, such statutes should be resolved in favor of each other to form one harmonious plan and give uniformity to the law). Accordingly, § 12-16-57 did not repeal § 12-16-44 by implication.
Section 12-16-44 is a general statute that specifically requires courts in counties with *1171 territorial subdivisions to draw their jury venires from those subdivisions. Section 12-16-44 remains a valid law. Because local Act No. 96-454 deals with the subject subsumed by § 12-16-44, it violates § 105 of the Constitution of Alabama of 1901 and must be declared invalid.[11]
HOOPER, Chief Justice, dissenting.
This is to be a "government of laws and not of men." Ala. Const. of 1901, § 43. The plain wording of the Alabama Constitution and of Act No. 96-454 indicates there is no conflict between the two. I join Justice Maddox's dissent, but add specifically that Act No. 96-454 does not violate Article I, § 6, of the Alabama Constitution of 1901. This provision reads in pertinent part:
"[I]n all criminal prosecutions, the accused has a right to ... a speedy, public trial, by an impartial jury of the county OR district in which the offense was committed.

Ala. Const.1901, art. I, § 6 (emphasis added). Under the main opinion, Coffee County jurors must reside in both the county and the district where the offense occurred.
This reading violates the plain language of § 6. The drafters of our Constitution inserted a disjunctive into the provision, making it clear that the jury pool need only be drawn from the appropriate county or district. The reading adopted by the main opinion has the effect of rewriting our Constitution by adding the conjunctive "and." Section 6 was not drafted to read "county and district," but reads "county or district." Clearly, a juror may be drawn from either political subdivision.
Moreover, I would note that the trial court's construction effectively paralyzes counties that, like Coffee County, might decide a divisional pool is no longer feasible. It appears that a county using a countywide pool may draw its jurors from anywhere in the county, but once a county is split into divisions, the jury pool must forevermore be drawn from the individual divisions or else the drawing will violate the Constitution. Apparently, under this new version of § 6, the decision to divide a county into divisions has become irrevocable.
MADDOX, Justice, dissenting.
In a special concurring opinion in General Motors Corp. v. Hopper, 681 So.2d 1373 (Ala. 1996), I stated unequivocally that I believed that the practice of selecting jurors from only a division of a court within a county is contrary to the policy and intent the people of Alabama expressed when they ratified the Judicial Article to the Alabama Constitution and is contrary to the legislative intent expressed in Act No. 594, Ala. Acts 1978 (the 1978 Jury Selection Act), codified at Ala. Code 1975, §§ 12-16-55 through 12-16-64, which is patterned after the Uniform Juror Selection and Service Act.
In my special concurrence in Hopper, I stated that I was of the opinion that the public policy of this State relating to jury service contemplated a uniform system in each county throughout the State. This public policy is evidenced by § 12-16-57, which specifically provides that the jury commission for each county "shall compile and maintain an alphabetical master list of all persons in the county who may be called for jury duty, with their addresses and any other necessary identifying information." I also explained that any local acts of the Legislature providing for the selection and service of jurors other than one consistent with the general policy of selecting jurors on a county-wide basis would not be uniform.
The policy of Act No. 594 was stated in § 1 of that Act; it now appears in the Code as § 12-16-55, which reads as follows:
"It is the policy of this state that all persons selected for jury service be selected at random from a fair cross section of the population of the area served by the *1172 court, and that all qualified citizens have the opportunity, in accordance with this article, to be considered for jury service in this state and an obligation to serve as jurors when summoned for that purpose."
(Emphasis added.) On several occasions, this Court has addressed the purpose of Act No. 594. Although most of what this Court has written has been written in criminal cases, the policy is equally applicable to civil cases. In Beck v. State, 396 So.2d 645 (Ala. 1980), this Court discussed the policy of that Act, as follows:
"The possibility of racial or other bias in the trial or sentencing process has greatly diminished in Alabama in the last several years. To begin with, the entire judicial system was revamped and Alabama is now recognized nationally as having one of the best judicial systems in the nation. The Death Penalty Act was passed by a legislature which was reapportioned under a federal court order which insured representation of minorities by a wholesale redistricting of the state. Reynolds v. Sims, 377 U.S. 533 [84 S.Ct. 1362, 12 L.Ed.2d 506] (1964). Furthermore, Alabama has adopted a Jury Selection Act which declares, as policy, `that all persons selected for jury service be selected at random from a fair cross section of the population of the area served by the court, and that all qualified citizens have the opportunity, in accordance with this article, to be considered for jury service in this state and an obligation to serve as jurors when summoned for that purpose.' Code 1975, § 12-16-55. Discrimination in jury selection is specifically prohibited. Code 1975, § 12-16-56."
396 So.2d at 653-54 (emphasis added).
In other cases, this Court, in addressing this latest expression of legislative policy regarding jury selection and service as it was expressed in Act No. 594, has stated:
"[T]he Legislature intended, in adopting this public policy, that our trial juries should be selected from a list which contains a fair cross section of the [population of the] area served by the court, and that any form of discrimination against a particular juror on account of race, color, religion, sex, national origin, or economic status is prohibited...."
Ex parte Branch, 526 So.2d 609, 618-19 (Ala. 1987).
The main opinion, in affirming the decision of the trial court, substantially adopts the reasoning used by the trial court in holding that Act No. 96-454 is unconstitutional. I believe the opinion errs because Act No. 96-454 is not only consistent with the public policy of this State as expressed in Act No. 594, Ala. Acts 1978, but is also consistent with federal constitutional requirements of due process.
In summary, I am of the opinion that when the Legislature passed Act No. 594, it intended to adopt a uniform policy for juror selection and service, to be applied in every county of this state. I realize that § 12-16-44 contains language referring to a "territorial subdivision" and that that language seems to conflict with the provisions of Ala.Code 1975, § 12-16-55, and I am aware that § 12-16-44 was not specifically repealed by Act No. 594. However, I believe, in view of the many references to "county" in Act No. 594, that the provisions of Act No. 59, Acts of Alabama 1939 (now appearing as Ala.Code 1975, § 12-16-44), were repealed by the general repealer clause. Act No. 594 substantially adopted the provisions of the Uniform Juror Selection and Service Act, and the whole intent of the Judicial Article and the acts the Legislature adopted pursuant thereto was to provide uniformity of procedure. To hold that an act of the Legislature that attempts to foster uniformity violates the State Constitution seems incongruous.
HOOPER, C.J., concurs.
NOTES
[1] The appellants and the appellees agree that the trial court's reference to Act No. 183, Acts of Alabama 1909, was an apparent miscitation, and that the trial court must have intended to cite Act 227, Acts of Alabama 1909, which concerns the selection of jurors from territorial subdivisions to which the trial court refers. Act No. 227, Acts of Alabama 1909, was examined and discussed at the trial of this action.
[2] We note that the trial court also held Act No. 96-454 to violate the 6th and 14th Amendments to the United States Constitution. Because the judgment was adequately and properly grounded on the Alabama Constitution of 1901, we need not consider the holding regarding the 6th and 14th Amendments.
[3] I agree with Chief Justice Hooper that Act No. 96-454 does not violate § 6 of the Constitution of Alabama of 1901.
[4] Section 12-16-44 provides in its entirety:

"Whenever a court requiring grand and petit juries or petit juries is established for and held in a territorial subdivision of the county, the jury commission shall make and keep a separate roll and make a separate box for that court and territorial subdivision, on which roll and in which box only the names of jurors residing in that territory shall be placed, which box shall be kept by the clerk of said court and the key thereof by the judge of said court, and all jurors for that court shall be drawn by the judge of said court as provided in this article from the separate jury box provided under this section and shall be summoned as provided by law for summoning jurors otherwise drawn. The names of jurors whose names are required to be placed on the roll and in the box provided for in this section shall not be placed on any other roll nor in any other box nor shall any such person be authorized or required to serve as a juror in any court outside of said territorial subdivision.
"If there is more than one court requiring grand and petit juries or petit juries established for and held in such territorial subdivision of the county, all of such courts shall procure their juries from the box provided for in this section.
"This section is intended to apply to any division of a court that is held in such territorial subdivision, including the probate court. It is not the object or effect of this section to repeal or affect any local law."
(Emphasis added.) The reference to "a court ... established for" a territorial subdivision could arguably be read to apply only to a court, or a division of a court for which a separate judge is elected, that is legally established for a geographic portion of a county (consider the Bessemer Division of the Circuit Court of Jefferson County, Act No. 213, Acts of Alabama 1919). However, the subsequent statement that "[t]his section is intended to apply to any division of a court that is held in such territorial subdivision" makes it clear that the Legislature intended also to require that jury venires in those counties where a single court sits in territorial subdivisions (e.g., the Elba Division of the Circuit Court of Coffee County, Act No. 569, Acts of Alabama 1907) be drawn from the territorial subdivision in which the court is sitting.
[5] As the trial court held, Act No. 96-454 is a local act because it deals solely and specifically with Coffee County. Peddycoart v. City of Birmingham, 354 So.2d 808, 813-14 (Ala.1978).
[6] Ala.Code 1975, § 12-16-44, also provides: "It is not the object or effect of this section to repeal or affect any local law." The defendants argue that this language means that § 12-16-44 does not exclusively occupy the field of jury selection, and thus does not subsume the subject dealt with by local Act No. 96-454. Section 105 of the Constitution of Alabama of 1901 expresses a policy favoring general statutes over local laws. Unless the Legislature plainly states that it intends general and local laws dealing with the same subject to coexist, § 105 sets aside the local law in favor of the general law. The use of the term "repeal" in the language quoted from § 12-16-44 indicates that the phrase was intended to operate only on local laws in existence at the time the language was adopted in 1919. See Act No. 387, Acts of Alabama 1919. Because the Legislature did not precede the verb "affect" with any language indicating an intention to allow the future adoption of local laws on the same subject, the quoted language does not overcome the constitutional presumption favoring general laws. See generally Ross Jewelers v. State, 260 Ala. 682, 687, 72 So.2d 402, 405 (1953). Cf. Baldwin County v. Jenkins, 494 So.2d 584 (Ala. 1986) (respecting the nonexclusivity of a general statute only after the Legislature amended that statute to add the words "[u]nless otherwise provided by local law" for the express purpose of eliminating the § 105 issue with local laws dealing with the same subject as the general statute). Consequently, local Act No. 96-454 addresses a subject exclusively dealt with by § 12-16-44, a general statute, and is therefore invalid.
[7] Moreover, the defendants fail to establish satisfactorily that local Act No. 96-454 serves any particular local needs in Coffee County not addressed by § 12-16-44. See Miller v. Marshall County Bd. of Educ., 652 So.2d 759, 761 (Ala. 1995) (stating that special local needs may save a local act from invalidity under § 105 if those needs are not served by a general statute dealing with the same subject).
[8] Section 12 of Act No. 594 provides: "All laws and parts of laws in conflict with the provisions of this act are to the extent of such conflict hereby repealed." Because a direct inconsistency will in any event effect a repeal, "[a]n express general repealing clause to the effect that all inconsistent enactments are repealed, should legally be a nullity." 1A Sutherland Stat. Constr. § 23.08, p. 334 (5th ed.1993).
[9] Ala.Code 1975, § 12-16-57, provides in its entirety:

"(a) The jury commission for each county shall compile and maintain an alphabetical master list of all persons in the county who may be called for jury duty, with their addresses and any other necessary identifying information. This list may include all registered voters, persons holding drivers' licenses and registering motor vehicles, and may include other lists, such as lists of utility customers and persons listing property for ad valorem taxation, which will include persons whose listing will foster the policy and protect the rights provided in Sections 12-16-55 and 12-16-56. The list shall avoid duplication of names. The list shall be reviewed and corrected and new names added from time to time, but at least once every four years.
"(b) Whoever has custody, possession or control of any lists used in compiling the master list shall make the list available to the jury commission for inspection, reproduction and copying at all reasonable times.
"(c) The master list shall be open to the public for inspection at all reasonable times."
[10] Section 11 of Act No. 594, Acts of Alabama 1978, provides: "Sections 12-16-2 [persons exempted from jury duty], 12-16-4 [excusing unfit persons from jury service], 12-16-5 [excusing of exempt or disqualified persons from jury service], 12-16-39 [clerk of the jury commission duties], 12-16-41 [duty of jury commission to prepare jury roll], 12-16-42 [preparation, maintenance, etc., of jury roll, cards and box], and 12-16-43 [qualifications of persons to be placed on jury roll] of the Code of Alabama 1975 are hereby expressly repealed." I note that the Legislature had the opportunity to expressly repeal § 12-16-44 in Act No. 594, but chose not to do so. See 1A Sutherland Stat. Constr. § 23.11, p. 362 (5th ed. 1993) ("[T]he existence of a specific repealer is considered to be some evidence that further repeals by implication are not intended by the legislature.").
[11] Of course, under current precedent, if the Legislature wished to allow local laws requiring county-at-large jury venires in counties with territorial subdivisions, it could simply amend § 12-16-44 to include the words "unless otherwise provided by local law." See Baldwin County v. Jenkins, 494 So.2d 584 (Ala.1986) (holding that the Legislature's amendment of a general statute dealing with the term of office for county commissioners to add the words "[u]nless provided by local law" allowed a subsequently enacted local law dealing with the same subject to survive a challenge under § 105).