LONG, Presiding Judge.
The petitioner, Richard Foreman, filed this petition for a writ of mandamus, directing us to order the Honorable William E. Hereford, circuit judge for the Thirtieth Judicial Circuit, to dismiss the indictment against him'. The petitioner was indicted for capital murder by a St. Clair County grand jury. St. Clair County is divided into two judicial divisions: the Pell City Division and the Ashville Division. The petitioner is being tried in the Ashville Division. He filed a motion to dismiss the indictment, alleging that St. Clair County’s system of calling prospective jurors from the county at large and not solely from the division of the county where the offense was committed violated his constitutional rights under Article I, § 6, Alabama Constitution of 1901.[1] The trial court denied that motion, and this petition for a writ of mandamus followed.
Mandamus is the appropriate method by which to review Judge Hereford’s ruling on the motion to dismiss the indictment. Mandamus has been used to review a trial court’s ruling on a motion to dismiss an indictment based on defects in the grand jury proceedings. Ex parte Gonzalez, 686 So.2d 204 (Ala.1996).
The petitioner argues that because St. Clair County is divided into two judicial divisions, the grand jury that indicted him should have been called only from the Ash-ville Division, where the offense occurred, and not from the county as a whole. The petitioner relies on the Alabama Supreme Court’s decision in Ellis v. Pope, 709 So.2d 1161 (Ala.1997), to support his contention.
In Ellis the Alabama Supreme Court held that Act No. 96-454, Acts of Alabama 1996, a law applicable to Coffee County,[2] was uncon *236 stitutional. That Act provided that prospective jurors be called from the entire county’s population, and not just from that division of the county where the offense occurred. The Supreme Court, adopting a portion of the trial court’s order as part of its opinion, held that the Act was unconstitutional because it directly conflicted with Art. I, § 6, Alabama Constitution of 1901. In reaching this conclusion the Court relied on the wording of the act that created the two divisions in Coffee County. Act No. 569, Acts of Alabama 1907. This act specifically provided that each division would be a separate district and that the prospective jurors would be called from each district and not the county as a whole. Act No. 96-454 provided in part that: “All jury venires in Coffee County shall be chosen from the county-at-large and the county shall not be divided into territorial subdivisions for purposes of selecting jury venires.” The Ellis court, in holding Act No. 96-454 unconstitutional, quoted as follows from the trial court’s opinion:
“‘The plaintiffs contend that the Act violates Article I, § 6, of the Alabama Constitution of 1901 ... in that it requires that a defendant in a criminal case be tried by a jury comprised of individuals who do not reside in the county and district where the offense occurred. The defendants contend that [this] [provision requires] that the trial be held in the appropriate county or district, not before jurors who reside in that county or district. This contention could stand if the [constitution] provided that the defendant had the right to a trial by an impartial jury in the county or district in which the offense was committed. However, this is not the case. The Alabama Constitution provides that an accused has the right to a trial “by an impartial-jury of the county or district in which the offense was committed.” (Emphasis added.) ... The constitutional [provision requires] that the jurors be of (meaning residents of) the county or district where the crime was committed.
‘“The meaning of the term “district” appears to have varied over the years. Since the [1973] adoption of the present Judicial Article [of the Alabama Constitution], “district” [as in references to the district court] has come to mean a judicial subdivision of the State geographically equal to or less than a “circuit.” It usually coincides with county boundaries, and is never a subdivision of a county. The term must not be viewed in light of its meaning today, but as it was used in 1901, when Art. I, § 6, was drafted. Act No. 569, Acts of Alabama, 1907, which -subdivided Coffee County, was adopted within six years of the ratification of our present Constitution, and that Act used the term “district” to refer to the subdivisions of the county. Therefore, it must be concluded that the term “district” in the terminology used at the time of the drafting and ratification of [the Alabama] Constitution in 1901 meant the subdivision of a county.
“ ‘The question must be answered whether it is sufficient that the jurors be residents of the county or must they be residents of the appropriate district as well. If this Court were to conclude that the jurors need only be residents of the county, the effect of such a decision would be to excise or erase from the Constitution the words “or district” since they would be rendered useless. Clearly, this places Act No. 96-454 in violation of Article I, § 6, of the Alabama Constitution of 1901. This Court is keenly aware of and respectful of the presumption in favor of the constitutionality of an act of the legislature. However, when an act clearly conflicts with a constitutional provision, the act cannot stand. The Constitution is the sole source of the authority of the legislature.’ ”
The State of Alabama contends, in its answer to the petition, that the holding in Ellis is explicitly limited to Coffee County and has no application to St. Clair County. It contends that the St. Clair divisions are merely administrative sectors and are not separate districts for purposes of Art. I, § 6, Alabama Constitution of 1901. We agree.
In support of its contention the State compares the wording of the act creating the two divisions in St. Clair County to the Act creating the divisions in Coffee County and the Alabama Supreme Court’s holding in Ex parte Longmire, 584 So.2d 503 (Ala.1991). Act No. 53, § 11, Acts of Alabama 1907, *237 which created the two divisions in St. Clair County, states:
“That both grand and petit jurors shall be drawn and summoned to serve in both divisions of said court in the same manner and by the same authority that grand and petit jurors are now summoned to serve in the circuit court of St. Clair county, but the time and place of the service of such jurors shall be designated by the officers drawing and summoning them.”
The Act makes no mention .of the jurisdictional distinctions between the two divisions and contains no reference to separate “districts.”
Conversely, the act that originally divided Coffee County into twp judicial districts (Act No. 569, Acts of Alabama 1907) specifically provided that each “district” would be separate for purposes of venue, and that prospective jurors would be called from each separate district and not the county as a whole.[3] Act No. 96-454 changed the long-standing law in Coffee County.
The Alabama Supreme Court in Longmire compared the act that created the Bessemer Division in Jefferson County and the act that created the two divisions in St. Clair County. Both acts' contain similar language. The Longmire Court stated:
“The Bessemer Act created a circuit court to be held at Bessemer, or the Bessemer Division, and its ‘jurisdiction and powers [were to be] exclusive in, limited to, and [to] extend over’ certain territorial portions of Jefferson County. Act No. 213, § 2, 1919 Ala. Local Acts 62. The act creating separate judicial divisions in St. Clair County, Act No. 53, 1907 Ala. Local Acts 61, on the other hand, states that the county was to be divided into two divisions ,and that criminal defendants ‘shall be in-dieted and tried in the judicial division where the offense with which they are charged was committed.’ Id. § 5. Notably absent is the ‘exclusive’ language found in the Bessemer Act. Also, § 3 of the St. Clair County Act provides that the clerk’s office is ‘required to open a branch office.’ Id. § 3 (emphasis supplied). It does not establish a new, separate clerk’s office, as would be expected if the two divisions were to be treated as two séparate counties. Section 11 provides that
“ ‘both grand and petit jurors shall be drawn and summoned to serve in both divisions of said court in the same manner and by the same authority that grand and petit jurors are now summoned to serve in the circuit court of St. Clair County, but the time and place of the service of such jurors shall be designated by the officers drawing and summoning them.’
“Id. § 11. Again, the implication is that the two divisions are but part of one court, the Circuit Court of St. Clair County. Based upon the language of the 1907 St. Clair County Act, it is the opinion of this Court that the Act does not create two separate judicial districts for purposes of venue. The Act divides St. Clair County into two judicial divisions, apparently for purposes of economy and convenience. The language of the Act is not restrictive and exclusive, as is the language of the Bessemer Act. Because the two judicial division of St. Clair County are not the equivalent of two counties for purposes of venue, we hold that the trial court has the discretion to change the place of the trial to another division without offending a defendant’s constitutional right to trial in the proper venue.”
(Emphasis added.)
To determine if St. Clair County is composed of separate “districts” for purposes of the Alabama Constitution, we must, as the Supreme Court stated in Ellis, look to the laws that created the two divisions. The Supreme Court in Ellis stated that use of the *238 word “district” in Act No. 96-454, evidenced an intent that the divisions be treated as separate “districts” for purposes of the Constitution. The word “district” does not appear in the act dividing St. Clair County into two divisions. More importantly, the Alabama Supreme Court in Longmire specifically held that St. Clair County is not divided into separate “districts” for purposes of venue, but is “one court.” 584 So.2d at 505.
We find further support for our conclusion that the act that created the divisions in St. Clair County is distinguishable from the 1996 act affecting Coffee County, in Ex parte Chrysler Corp., 659 So.2d 113 (Ala.1995). In Ex parte Chrysler Corp., the Alabama Supreme Court noted that the act dividing Coffee County was “venue legislation,” i.e., it made venue proper only in the division where the offense occurred. The Supreme Court in Longmire held that the act creating divisions in St. Clair County is not venue legislation; therefore, an offense does not necessarily have to be tried in the division where the offense occurred. As stated above, the Supreme Court characterized the arrangement in St. Clair County as “two divisions [that] are part of one court.”
The act creating two divisions in St. Clair County, Act No. 53, Acts of Alabama 1907, does not violate Art. I, § 6, Alabama Constitution of 1901, and prospective jurors for each division can properly be called from the county at large. Judge Hereford correctly denied the motion to dismiss the indictment.
For the foregoing reasons, this petition is due to be denied.
PETITION DENIED.
All the judges concur.

. Article I, § 6, Alabama Constitution of 1901, provides in'pertinent part:
"That in all criminal prosecutions, the accused has a right to ... a speedy, public trial, by an impartial jury of the county or district in which the offense was committed ...
(Emphasis added.)

. Like St. Clair County, Coffee County is divided into two judicial divisions: the Elba Division and the Enterprise Division.

. Act No. 164, § 11, Acts of Alabama 1907, which addresses the divisions in Coffee County states the following about grand juries in Coffee County:
“Section 11. That as grand juries are drawn by law for the circuit courts of this State a grand jury shall be drawn and summoned for each term, in each year, of said circuit court at Enterprise from competent persons residing within said described district, and no person residing within said district shall be required to serve on any grand jury drawn or summoned for said court at Elba."