The petitioners, Billy Washington, Darian Eubanks, and William Michael Commander, filed this petition for a writ of mandamus, directing the Honorable Robert W. Barr, circuit judge for the Twelfth Judicial Circuit, to dismiss the indictments against them. The petitioners were indicted by Coffee County grand juries for unrelated offenses.[1] All three are represented by the same attorney, who filed this petition. Coffee County is divided into two judicial divisions: the Elba Division and the Enterprise Division.[2] Each petitioner filed a motion to dismiss the indictment against him based on the Alabama Supreme Court's holding in Ellis v. Pope, 709 So.2d 1161 (Ala. 1997). The trial court denied the motions and this petition for a writ of mandamus followed.
Mandamus is the appropriate method by which to review Judge Barr's ruling. Ex parte Gonzalez, 686 So.2d 204 (Ala. 1996).
The petitioners argue that the grand juries that indicted them were unconstitutionally empaneled and that, therefore, Judge Barr abused his discretion in not dismissing the indictments. In Ellis, the Alabama Supreme Court held Act No. 96-454, Acts of Alabama, 1996, unconstitutional. That Act set up Coffee County's system of calling prospective jurors from the county as a whole and not solely from the division of the county where the offense occurred. The petitioners were all indicted before the Act was declared unconstitutional. The Court in Ellis held that the Act was declared unconstitutional because it directly conflicted with Art. I, § 6, Alabama Constitution of 1901, which provides that prospective jurors be called from the particular "district" where the offense occurred.
The State contends that the holding in Ellis should not be applied retroactively but should be applied only prospectively, and that, therefore, the petition should be denied. *Page 255 
The State further contends that even if we hold that theEllis holding is retroactive, this petition is moot because the petitioners were reindicted in December 1997 by a constitutionally empaneled grand jury.
The Alabama Supreme Court in Ellis did not address whether their decision was to be given retroactive or prospective application. In Roberts v. M R Properties, Inc.,612 So.2d 432, 438 (Ala. 1992), the Court stated the following about determining whether a judicial decision is to be applied retroactively or prospectively:
 "The right to determine the retroactive or prospective application of a decision invalidating a statute on constitutional grounds inheres in this Court and this Court will exercise that right 'on a case-by-case basis,' Ex parte Coker, 575 So.2d 43, 51 (Ala. 1990), as the 'interest of justice' requires. Id. (quoting Linkletter v. Walker, 381 U.S. 618, 628, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965)). In making this determination, we consider, inter alia, the 'extent of reliance' on the invalidated statute, Halliday v. United States, 394 U.S. 831, 832, 89 S.Ct. 1498, 1499, 23 L.Ed.2d 16 (1969); the result sought by the legislature through its enactment of the invalidated statute; the orderly administration of justice; the balance of the equities of the case; and public policy. Ex parte Coker, 575 So.2d at 51-52."
More recently the Alabama Supreme Court in Professional Ins.Corp. v. Sutherland, 700 So.2d 347 (Ala. 1997), stated the following:
 "Although circumstances occasionally dictate that judicial decisions be applied prospectively only, retroactive application of judgments is overwhelmingly the normal practice. McCullar v. Universal Underwriters Life Ins. Co., 687 So.2d 156
(Ala. 1996) (plurality opinion). 'Retroactivity "is in keeping with the traditional function of the courts to decide cases before them based upon their best current understanding of the law. . . . It also reflects the declaratory theory of law, . . . according to which the courts are understood only to find the law, not to make it." ' 687 So.2d at 165, quoting James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 535-36, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991).
700 So.2d at 352. See also Traylor Nursing Home, Inc. v.Alabama Statewide, 543 So.2d 1179 (Ala. 1988); State v. MorrisonCafeterias Consol., Inc., 487 So.2d 898 (Ala. 1985); and City ofBirmingham v. Brasher, 359 So.2d 1153 (Ala. 1978).
Act No. 96-454, was signed by the Governor on May 15, 1996, and was declared unconstitutional on November 13, 1997. Prior to the effective date of Act No. 96-454, Coffee County had been calling prospective jurors from the specific district where the offense occurred and not from the county as a whole. Also, Art.I, § 6, Alabama Constitution of 1901, clearly states that a defendant is entitled to be tried "by an impartial jury of the county and the district in which the offense was committed." The act was no more constitutional before it was successfully challenged than it was after the Alabama Supreme Court issued its opinion in Ellis.
Because Coffee County had been calling prospective jurors from the specific district in which the offense occurred since the county was divided into two districts in 1907, retroactive application of Ellis will not result in undue hardship for Coffee County.
Given the overwhelming preference for retroactive application of judicial decisions, this Court will apply Ellis
retroactively, pending further pronouncement from the Alabama Supreme Court on this matter.
Also, we do not agree with the State's contention that the issue is moot because the petitioners have subsequently been reindicted by a constitutionally empaneled grand jury. The first indictments remain pending until they are either quashed, dismissed, or nol-prossed with permission of the court. Section15-8-130, Code of Alabama 1975, states:
 "An indictment must not be quashed, dismissed, discontinued or abandoned without the permission of the court, and such permission must be entered on the record."
A reindictment for the same offense does not have the effect of dismissing the first indictment. The record must reflect the disposition *Page 256 
of the first indictment. Coleman v. State, 71 Ala. 312 (1882).
For the foregoing reasons this petition is due to be granted.
PETITION GRANTED.
All the judges concur.
[1] The petitioners were indicted by the April and June 1997 grand juries. Washington was indicted for theft of property; Eubanks was indicted for possessing a controlled substance and carrying a pistol without a license; and Commander was indicted for burglary.
[2] Washington and Eubanks are being prosecuted in the Enterprise Division; Commander is being prosecuted in the Elba Division.