[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2008
THOMAS K. KAHN
CLERK

No. 07-15786
Non-Argument Calendar
_____

D. C. Docket No. 06-00006-CV-AR-NE

MELVIN RAY,

Petitioner-Appellant,

versus

DONAL CAMPBELL,
Commissioner,
TROY KING,
Attorney General,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 8, 2008)**

Before TJOFLAT,  BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Melvin Ray, an Alabama prisoner proceeding pro se, appeals the denial of his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Ray argues that he is "in custody" pursuant to an indictment pending since May 12, 2000, and the district court erred in finding that a second indictment filed after that date acted as a superseding indictment. He contends that the continued pendency of the original indictment violates his right to a speedy trial.[1]

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). A prisoner may bring an action for writ of habeas corpus if the prisoner is "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The Supreme Court has interpreted § 2241 as requiring a habeas petitioner to be "in custody" under the conviction or sentence he seeks to

_____

[1]Ray also argues that the district court erred in stating that it appeared as if he had not exhausted his state court remedies. Because the federal courts lack jurisdiction to address Ray's petition because he was not "in custody," we need not address the issue of exhaustion. Moreover, even though the district court granted a broad certificate of appealability ("COA"), the district court did not make any specific findings as to exhaustion, confining its decision to the issue of "in custody," and, thus, review under the COA was limited to that issue alone. We therefore, lack jurisdiction to address the issue of exhaustion because it was not included in the COA. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (holding that appellate review is limited to issues specified in the COA).

attack at the time his petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968).

The Supreme Court has noted that an Alabama prisoner subject to a Kentucky detainer placed on him because of a pending indictment is "in custody" because the Alabama warden acts as an agent of the commonwealth of Kentucky. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 n.4, 93 S.Ct. 1123, 1126 n.4, 35 L.Ed.2d 443 (1973). The Supreme Court has also held that a petitioner under a detainer placed on the petitioner by a state was "in custody" even though he was currently incarcerated pursuant to federal charges in a federal penitentiary and his state sentence had yet to begin. Maleng v. Cook, 490 U.S. 488, 493, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989). The Court explained that the state's detainer ensured that, at the conclusion of the prisoner's federal sentence, he would be returned to state authorities to begin serving his state sentence. Id. A prisoner serving consecutive sentences was "in custody" under any one of them for purposes of § 2241. Peyton v. Rowe, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968).

Under Alabama law, an indictment must not be quashed or dismissed without the permission of the court and such permission must be entered on the record. Ala. Code § 15-8-130. Reindictment for the same offense does not have

3

the effect of dismissing the first indictment. Ex Parte Washington, 716 So.2d 253, 255 (Ala. Crim. App. 1998). "While it is the duty of the district attorney to decide whether a criminal act shall be prosecuted, once a warrant or indictment has been initiated, the trial court has the final authority regarding the ultimate disposition of the case." State v. McNeill, 716 So.2d 250, 253 (Ala. Crim. App. 1998). Although only a court has the authority to dismiss an indictment, the better practice is to bring the second indictment before the first is quashed. Johnson v. State, 479 So.2d 1377, 1381 (Ala. Crim. App. 1985). In Johnson, a second indictment was brought after a first indictment without leave of the court. Id. The court later quashed the first indictment, but the failure to quash the first indictment had no affect on the validity of the second indictment. Id.

Although, under Alabama law, the first indictment remains pending, the second indictment is still valid, providing the basis for Ray's current sentence. Ray's reliance on cases in which a petitioner is "in custody" on an indictment pursuant to a detainer is inapposite because no detainer has been placed on Ray. Because Ray is currently "in custody" on the second indictment and not the indictment which he seeks to attack, he has failed to demonstrate that he is "in custody" for purposes of § 2241.

**AFFIRMED.**